UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | Case No. 17-cv-06836-JSC<br><br>**ORDER DENYING EX PARTE MOTION FOR EXPEDITED HEARING**<br><br>Re: Dkt. No. 24 |

Defendant has filed a motion to stay proceedings in this ADA access lawsuit pending action from the Multi-District Litigation Panel. (Dkt. No. 22.) In connection with that motion, filed Friday, April 27, 2018, Defendant filed what it styled as an ex parte application for an expedited hearing on the motion to stay. It asks that Plaintiff be required to file an opposition on Monday, April 30, 2018 and that the Court hear the motion on May 1, 2018, but in another place in its motion asks that it be heard on May 2, 2018. (Dkt. No. 24 at 7.) The motion also inconsistently states that Defendant will waive its reply (Dkt. No. 24 at 1) and that it will file its reply by May 1, 2018. (Dkt. No. 24 at 7.) Defendant needs to take more care before it files pleadings with the Court and demands that its opponent work over the weekend to serve a response.

In any event, the ex parte motion is denied for failure to comply with the Local Rules governing the shortening of time. A motion to shorten time must comply with Northern District Local Rule 6-3. *See* N.D. Cal. Civ. L.R. 6-2(b). That rule sets forth various conditions that the party seeking to shorten time must satisfy. Defendant's motion satisfies none of them. Defendant does not explain why the motion must be heard by May 2, 2018. N.D. Cal. Civ. L.R. 6-3(a)(1). That a motion has been filed in the MDL does not explain why the motion to stay *this action* must

be heard by May 2. Defendant did not attempt to obtain a stipulation to hear the motion on shortened time. N.D. Cal. Civ. L.R. 6-3(a)(2). Instead, Defendant left a message that it was filing a motion to stay and made no effort to come to an agreement on when the motion could be heard. Defendant did not identify any reason it would be harmed if the motion were heard on the 35-day noticed motion schedule as opposed to some other time, let alone identify why it has to be heard by May 2 (or May 1). N.D. Cal. Civ. L.R. 6-3(a)(3). And Defendant did not comply with Civil Local Rule 37-1(a). N.D. Cal. Civ. L.R. 6-3(a)(4). Defendant also does not explain why the four days normally accorded a party to respond to a motion to shorten time, N.D. Cal. Civ. L.R. 6-3(b), should not apply.

Accordingly, Defendant's motion is DENIED.

This Order disposes of Docket Nos. 19, 21 and 24.

**IT IS SO ORDERED.**

Dated: April 30, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge